UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA A. FLEMING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:06CV00311 (JDB) |
| v. | ) |
| | ) |
| JAMES NICHOLSON, Secretary, | ) |
| DEPARTMENT OF VETERANS AFFAIRS | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE

Defendant, James Nicholson, Secretary of the Department of Veterans Affairs, hereby

moves this Honorable Court to dismiss this case, pursuant to Fed. R. Civ. R. 12(b)(1) & (3).  In

the alternative, defendant moves this Court to transfer this case to the United States District

Court for the District of Massachusetts.  Grounds for this motion are set forth in the attached

memorandum of points and authorities.[1]   A proposed order is also attached.

---

[1] Plaintiff is pro se. Plaintiff is informed that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). To the extent that this Court dismisses the action under Rule 12(b)(6) after viewing it as a motion for summary judgment, plaintiff should take notice that any factual assertions contained herein may be accepted by the Court as true unless the plaintiff submits affidavit or other documentary evidence contradicting the assertions in the documents on which defendants rely.  Fed. R. Civ. P. 56 (e), provides as follows:

**(e) Form of Affidavits; Further Testimony; Defense Required.**  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary

Respectfully yours,

_____/s/_____
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney


_____
RUDOLPH.CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

---

judgment, if appropriate, shall be entered against the adverse party.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHEILA A. FLEMING,                              )
                                                )
                       Plaintiff,               )
                                                )
                                                )   Case No. 1:06CV00311 (JDB)
v.                                              )
                                                )
JAMES NICHOLSON, Secretary,                     )
DEPARTMENT OF VETERANS AFFAIRS                   )
                                                )
                       Defendant.               )
_____)

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR TO TRANSFER**

On February 21, 2006, plaintiff filed a complaint in this Court, alleging, *inter alia*,

employment discrimination and harassment.  To date, plaintiff has failed to serve the United

States and/or the Department of Veterans Affairs ("VA"), pursuant to Fed. R. Civ. P. 4.   Even if

plaintiff were to properly serve defendant within the time limits prescribed by Rule 4, because

jurisdiction and venue are improper in this jurisdiction, defendant moves for dismissal of the

complaint pursuant to Fed. R. Civ. P. 12(b)(1) & (3).   In the alternative, defendant moves for a

transfer of this case to the United States District Court of Massachusetts.

## I.  BACKGROUND

A review of the complaint and its attachments reveals that the conduct alleged in this law

suit occurred in Bedford, Massachusetts, at the VA's Hospital where plaintiff is employed as a

Nurse Team Leader. See Complaint at 1 & 10; see also Affidavit of Richard A. Moses, attached

hereto as Exhibit A.  Plaintiff also resides in Massachusetts. See Complaint at 1.

Plaintiff alleges that as an employee of the VA Hospital at 200 Springs Road, Bedford,

MA 01830, she was the victim of race-based discrimination and harassment by her supervisors

and another employee.  Id., and Police Report attached to the complaint.  She also alleges that

there was a breach of an administrative settlement agreement between the VA and herself. <u>See</u> Unsigned Version of a Settlement Agreement attached to the complaint.

There are also other undefined allegations in the complaint such as "intimidation, abuse of authority, unfair employment practices, failure to be properly represented by the union and physical and verbal threats." <u>See</u> Complaint at 1-2, 4-7, 10.

Defendant submits that the plaintiff's claims of discrimination, harassment and tortious activity are brought in the wrong court. Moreover, to the extent that plaintiff attempts to allege a tort against the defendant, she has failed to exhausted her administrative remedies. Accordingly, dismissal of plaintiff's law suit is warranted under Fed. R. Civ. P. 12(b)(1) & (3). In the alternative, defendant moves this Court to transfer this case to the proper court, the United States District Court for the District of Massachusetts.

## II. <u>STANDARD OF REVIEW</u>

A. <u>**Fed. R. Civ. P. 12(b)(1)**</u>.

Under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. "[A] Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." <u>Fowler v. District of Columbia</u>, 122 F.Supp.2d 37, 39 (D.D.C. 2000). If jurisdiction has not been established, the Court must dismiss the action. In determining the scope of the jurisdiction, it is sometimes necessary for the court to look to matters outside the pleadings. <u>Battle v. Rubin</u>, 121 F.Supp.2d 4, 6 (D.D.C. 2000); <u>Fowler</u>, 122 F.Supp.2d at 40.

B. <u>**Fed. R. Civ. P. 12(b)(3)**</u>.

The venue provisions, as more fully set forth below, in connection with claims of discrimination and tort are specific and controlling. <u>See</u> III. Argument at A. and B. "Under [28 U.S.C. § 1406(a)], the decision as to whether a dismissal or transfer is appropriate is one

2

committed to the discretion of the Court acting in the interests of justice." Hayes v. RCA Service Co., et al., 546 F. Supp. 661, 665 (D.D.C. 1982). The district court has the same discretion to dismiss, rather than transfer, in Title VII cases. See Washington v. General Electric Corp., 686 F. Supp. 361, 362  (D.D.C. 1988); Sconion v. Thomas, supra; Hayes, 546 F. Supp. at 665.

### 3.  Fed. R. Civ. P. 12(b)(6).

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Thomas v. City Lights School, Inc., et al., 124 F.Supp.2d 707, 708 (D.D.C. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Plaintiff's factual allegations must be accepted as true when reviewing the adequacy of the complaint pursuant to Fed. R. Civ. 12(b)(6). Hill v. City of New York, 45 F.3d 653, 657 (2d Cir. 1995). A Rule 12(b)(6) motion may be converted into a summary judgment motion pursuant to Fed. R. Civ. P. 56 when matters outside the pleadings are considered.

### III.  ARGUMENT

A.  Plaintiff's Title VII Claims Should be Dismissed or Transferred
    to the United States District Court for the District of Massachusetts.

In discrimination cases, venue is determined solely by reference to the venue provisions of Title VII of the Civil Rights Act of 1664, as amended. See 42 U.S.C. § 2000e-5(f)(3); Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100 (D.C. Cir.1969) *cert. denied*, 396 U.S. 895 (1969); Donnell v. National Guard Bureau, 568 F. Supp. 93 (D.D.C. 1983); Hayes v. RCA Serv. Co., 546 F. Supp. 661, 663 (D.D.C. 1982). Title VII creates a limited waiver of the government's sovereign immunity from suit and stands as a bar to jurisdiction by any federal district court that does not meet its venue provision. Archuleta v. Sullivan, 725 F. Supp. 602,

603-04 (D.D.C. 1989). Title VII's venue provision provides that a plaintiff may bring a Title VII

action in one of four judicial districts. Specifically, the statute provides that a Title VII action

may be brought in:

> any judicial district in the state in which the unlawful employment
> practice is alleged to have been committed, in the judicial district
> in which the employment records relevant of such practice are
> maintained and administered, or in the judicial district in which the
> aggrieved would have worked but for the alleged unlawful
> employment practice, but if the respondent is not found within any
> such district, such an action may be brought within the judicial
> district in which the respondent has his principal office. . .

This statute preempts all other federal venue provisions that otherwise might apply. See Stebbins

v. State Farm Mutual Automobile Ins. Co., 413 F.2d at 1103. As is clear from a review of the

complaint, under this statute, venue is not proper in the District of Columbia.

Specifically, this venue provision identifies three preferred forums for Title VII suits: (1)

where the alleged unlawful employment practice was committed; (2) where the employment

records relevant to the practice are maintained; and (3) where the aggrieved party would have

worked but for the alleged unlawful employment practice. Only if the defendant (or respondent)

cannot be found in one of those three districts can an action be brought in the judicial district

where the respondent has its principal office. See Id.; Archuleta v. Sullivan, 725 F. Supp. at 604-

05; Donnell v. National Guard Bureau, 568 F. Supp. 93 (D.D.C. 1983). The court must be

mindful that the statutory scheme behind Title VII cases indicates that venue properly lies in

those jurisdictions concerned with the alleged discrimination. Stebbins v. State Farm Mutual

Automobile Insurance Co., 413 F.2d at 1102-03.

Venue over plaintiff's Title VII claims is in the District of Massachusetts. First, the

alleged unlawful employment practices occurred in a VA Hospital in Bedford, Massachusetts.

See Complaint. Moreover, at all times relevant to the allegedly unlawful employment practices

complained of, plaintiff's post of duty was at the VA Hospital in Bedford, Massachusetts.

Complaint at 1, 6, and 10.

Second, the employment records relevant to the alleged unlawful employment practices

are maintained at the VA Hospital in Bedford, Massachusetts.  Exhibit A, ¶ 4.   Finally, the

plaintiff's post of duty continues to be where it was at all times relevant to the complaint – the

VA Hospital in Bedford, Massachusetts.  Id. at ¶¶ 2-3.

Because the Department can be "found" in any of the three preferred forums listed in the

statute, there is no reason to allow this action to be brought in the District of Columbia, the site

of the principal office of the Department. See Stebbins v. State Farm Mutual Auto. Ins. Co., 413

F.2d 1100 (D.C.Cir.1969); Washington v. General Electric Corp., 686 F.Supp. 361, 363-4;

(D.D.C. 1988); Bartel v. Federal Aviation Administration, 617 F.2d 190, 197-8 (D.C. Cir. 1985;

Sconion v. Thomas, 603 F.Supp. 66, 67 (D.D.C. 1984); Donnell v. National Guard Bureau, 568

F.Supp. at 94-5.  The fourth venue option offered by Title VII is a residual provision.  Only if the

defendant cannot be found in any district in which venue would be proper under Title VII's first

three venue options may venue properly lie in "the judicial district in which the respondent has

his principal office."  42 U.S.C. § 2000e5(f)(3).  Although the VA's principal's office may be in

the District of Columbia, as observed by Judge Friedman in Amirmokri v. Abraham, Sec'y of

Energy, 217 F.Supp.2d 88, 89 (D.D.C. 2002), venue in this district under the circumstances is

inappropriate:

> Numerous judges of this Court have held that the special venue
> provision of Title VII, not 28 U.S.C. § 1391(e), applies in Title VII
> employment discrimination cases, and that under that statute,

venue over many employment cases against the government is proper in districts other than this District because the situs of the alleged wrongdoing, or the records, or the present or potential future workplace is there. [citations omitted]. To reach any other conclusion effectively would mean that all employment discrimination suits against the government would have to be brought in this Court merely because the headquarters of most government agencies are here. As the language of the statute makes plain, that is not what Congress intended. See 42 U.S.C. § 2000e-5(f)(3); Stebbins v. State Farm Mutual Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C.Cir.1969) (it was the "intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination").

In this case, it is undisputed that the plaintiff worked in the Bedford, Massachusetts, and that she would have continued to work in Massachusetts but for the alleged unlawful employment practice. Thus, the unlawful employment practices that are alleged to have been committed occurred exclusively in the District of Massachusetts and not in the District of Columbia. As for the relevant records, the special venue provision of Title VII makes clear that suit must be brought in the judicial district "in which the employment records relevant to such [unlawful employment] practice are maintained and administered." 42 U.S.C. § 2000e-5(f)(3) (emphasis added). In this case, that district is the District of Massachusetts. Exhibit A at ¶ 4.

As noted above in II. Standard of Review, when an action is filed in an improper venue, the procedural remedy to be applied is found in the provisions of 28 U.S.C. § 1406(a), which permits the Court to dismiss or transfer the case. 28 U.S.C. § 1406(a). The decision whether to transfer or dismiss is entrusted to the Court's discretion. *See* Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Piper Aircraft v. Reyno, 454 U.S. 235, 253 & 257 (1981); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).

To the extent that plaintiff is claiming that a previous settlement agreement involving claims of discrimination was breached [see attached unsigned agreement], she has failed to demonstrate that she has taken the necessary steps for such review as set forth in 29 C.F.R. §1614.504.

Pursuant to 29 C.F.R. §1614.504, plaintiff is required to seek relief first by notifying "the EEO Director [of the agency], in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance." 29 C.F.R. §1614.504(a). Then, if the complainant is dissatisfied with the agency's attempt to resolve the matter, she may appeal to the Equal Employment Opportunity Commission. 29 C.F.R. §1614.504(b). Plaintiff has failed to show that she has taken the necessary steps to seek judicial review of the breach of a settlement agreement. Therefore, she has failed to exhaust her administrative remedies and has, therefore, jurisdiction over this claim does not exist in any district court.

B. Plaintiff's Tort Claims Should be Dismissed or Transferred
to the United States District Court for the District of Massachusetts.

Plaintiff also alleges that she was intimidated and threatened by a government employee and demands money damages. Should the Court view plaintiff's claims as sounding in tort, defendant submits that under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"), plaintiff's claims should be dismissed.

The FTCA is the exclusive remedy for any loss from the tortious actions of federal agencies or employees. See 28 U.S.C. § 2679(b)(1). Plaintiff's complaint makes no reference to

the FTCA. It merely recites claims suggesting assault and false imprisonment. Complaint at 1-2, 3-4, 10. These claims are specifically excluded from the waiver of sovereign immunity of the FTCA See 28 U.S.C. § 2680(h) which excludes:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . .

Even if plaintiff's claims were cognizable claims under the FTCA, they would still be dismissed as a result of his failure to exhaust his administrative remedies prior to suing in federal court. See 28 U.S.C. § 2675(a). Section 2675(a) provides that claimants may not institute an action against the United States for money damages for torts, committed by a federal employee acting within the scope of his employment, unless the claimant "shall have first presented the claim to the appropriate Federal agency" and "his claim shall have been finally denied by the agency in writing." Courts routinely dismiss FTCA claims where a claimant could not demonstrate exhaustion of administrative remedies. See McNeil v. United States, 508 U.S. 106 (1993) (dismissing personal injury claim by prisoner under FTCA where the claim had not been either presented to or denied by the requisite agency). Failure to exhaust is jurisdictional. See Simpkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997); GAF Corp. v. United States, 818 F.2d 901, 904 and n.86 (D.C. Cir. 1987); Jackson v. United States, 730 F.2d 808, 809 (D.C. Cir. 1984); Founding Church of Scientology v. Director, FBI, 459 F. Supp. 748, 754 (D.D.C. 1978) ("This requirement of exhaustion of administrative remedies is jurisdictional and is an absolute prerequisite to an action under the FTCA.").

In this case, plaintiff failed to allege anywhere in her complaint that she brought her claims to the VA for its review. R. 1. In fact, plaintiff did not. See Declaration of Edward J.

Lukey, Regional Counsel for the VA, Exhibit B, hereto at ¶ 4.  Dismissal is therefore appropriate, even if appellant's tort claims were treated as permissible FTCA claims.

Finally, venue is also improper in this jurisdiction under the FTCA.  Under the relevant provision of the FTCA, venue is proper "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b) (2000). Plaintiff lives in Massachusetts (<u>see</u> caption) and, as more fully set forth above, the acts complained of occurred in Massachusetts.  Therefore, venue is improper under the FTCA in this jurisdiction.

### IV.  <u>CONCLUSION</u>

For the reasons set forth above, the defendant respectfully moves for dismissal of plaintiff's complaint or a transfer of this case to the U.S. District Court in Massachusetts.

Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
RUDOLPH.CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
CLAIRE WHITAKER, Bar #354530
Assistant United States Attorney
555 4th St., N.W.  Room E-4204
Washington, D.C. 20530
 (202) 514-7137

OF COUNSEL
Edward B. Carney
Attorney, Office of Regional Counsel,
U.S. Department of Veterans Affairs

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion and accompanying documents were

served on plaintiff by first class mail, postage prepaid, the  19th  day of April, 2006 to:


Sheila A. Fleming
11 Liberty Lane
Hanscom Air Force Base
Bedford, Massachusetts, 01731


_____/s/_____
CLAIRE WHITAKER, D.C. BAR #354530
Assistant United States Attorney
555 4th Street, N.W., Room E-4204
Washington, D. C. 20530
(202) 514-7137